UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
MIKE VARGAS,

                Plaintiff,

    -against-                                      21-cv-8646 (LAK)

FEDEX OFFICE AND PRINT SERVICES, INC., et al.,

                Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**USDC SDNY**
**DOCUMENT**
**ELECTRONICALLY FILED**
**DOC #:** _____
**DATE FILED:** 10/22/21

**ORDER**

LEWIS A. KAPLAN, *District Judge.*

        Jurisdiction is invoked pursuant to 28 U.S.C. § 1332. The complaint and notice of removal fail adequately to allege the existence of subject matter jurisdiction because, perhaps among other things, they fail adequately to allege:

- ☒ The citizenship of one or more natural persons. *See, e.g., Sun Printing & Publishing Ass'n v. Edwards,* 194 U.S. 377 (1904); *Leveraged Leasing Administration Corp.v. PacifiCorp Capital, Inc.,* 87 F.3d 44 (2d Cir. 1996).

- ☐ The citizenship of one or more corporations. *See* 28 U.S.C. § 1332(c)(1).

- ☐ The citizenship of one or more partnerships. *See Carden v. Arkoma Assocs.,* 494 U.S. 195 (1990).

- ☒ The citizenship of one or more limited liability companies. *See Handlesman v. Bedford Village Green Assocs. L.P.,* 213 F.3d 48, 52 (2d Cir. 2000).

- ☐ The nature and citizenship of one or more business entities.

- ☐ The timely removal of the action from state court.

        Absent the filing, on or before 11/5/21, of an amended notice of removal adequately alleging the existence of subject matter jurisdiction, the action will be remanded.

        SO ORDERED.

Dated:      October 22, 20221

                                                         Lewis A. Kaplan
                                                  United States District Judge